**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO. 26-26718-CV-WILLIAMS**

CARLOS ENRIQUE DE LA TRINIDAD TERAN,

Petitioner,

v.

JHON A CONDON, *et al.*,

Respondents.
_______________________________________/

**ORDER**

**THIS MATTER** is before the Court on Petitioner Carlos Enrique De la Trinidad Teran's ("***Mr. Teran***") Petition for Writ of Habeas Corpus (DE 1) ("***Petition***"). On October 5, 2026, Respondents filed their Response (DE 4). For the reasons discussed below, the Petition (DE 1) is **GRANTED**.

## I. FACTUAL BACKGROUND

Mr. Teran is a citizen of both Venezuela and Italy who lawfully entered the United States through the Visa Waiver Program ("***VWP***") on December 30, 2021.[1] (DE 1 ¶¶ 67–

[1] The Petition contains numerous inconsistencies. For example, at two points in the Petition, it states that Mr. Teran is a native and citizen of Nicaragua, without mentioning Venezuela or Italy, but elsewhere states that Mr. Teran is a native and citizen of Venezuela. *Compare* (DE 1 at 1–2), *with* (*id*. ¶¶ 16, 67). Mr. Teran's birth certificate and passport are appended to the Petition as Exhibit A and establish that Mr. Teran is a citizen of Venezuela and Italy. (DE 1-1 at 2–6). These documents match the information Respondents provide. (DE 4 at 1). The body of the Petition also states that Mr. Teran was granted TPS to expire on October 6, 2026, (DE 1 ¶¶ 4, 70), but the I-797A Notice of Action, appended to the Petition as Exhibit B, states that Mr. Teran's TPS was set to expire on October 2, 2026, (DE 1-1 at 14). The information in the I-797A matches the information Respondents provide. (DE 4 at 2). In one place, the Petition states that Mr. Teran has been detained since at least August 17, 2026, but elsewhere the Petition states that he was detained on or about July 27, 2026. (DE ¶¶ 1, 91). Respondents allege various other misstatements of fact in the Petition, such as that Mr. Teran was detained in January of 2023, was released on humanitarian parole, and received a notice to

68; DE 4 at 1). On January 31, 2025, Mr. Teran filed a Form I-831, Application for Temporary Protected Status ("***TPS***"), with U.S. Citizenship and Immigration Services ("***USCIS***"). (DE 1 ¶ 70). On April 28, 2025, USCIS approved Mr. Teran's application, and he received TPS, which was set to expire on October 2, 2026. (DE 1-1 at 14). However, according to the Response, USCIS terminated Mr. Teran's TPS on November 20, 2025. (DE 4 at 2 n.1). Mr. Teran has no criminal record, apart from traffic citations. (DE 1 ¶ 69).

On September 1, 2026, Mr. Teran was detained during a Florida Highway Patrol vehicle stop. (DE 4-1 at 3). Border patrol agents responded and took Mr. Teran into custody. (*Id.*) The following day, September 2, 2026, Mr. Teran was served with a Notice of Intent to Issue a Final Administrative Removal Order (DE 4-2) ("***Notice***"). The Notice reflects that Mr. Teran requested asylum and/or withholding or deferral of removal. (DE 4-2 at 2). The same day as he was served with the Notice, Mr. Teran received a Final Administrative Removal Order (DE 4-3) ("***Removal Order***"). The Removal Order states that the Department of Homeland Security will proceed with Mr. Teran's removal unless "an application for asylum, withholding or deferral of removal is pending before the Department of Justice, Executive Office for Immigration Review." (DE 4-3 at 1). On September 3, 2026, Mr. Teran was transferred to Krome North Service Processing Center. (DE 4-4). Then, on September 26, 2026, Mr. Teran, through counsel, filed the instant Petition. (DE 1). He requests habeas relief, challenging his detention without the opportunity for a bond hearing under 8 U.S.C. § 1226(a). (*Id.* ¶ 6).

---

appear. (DE 4 at 5–7). Given the discrepancies in the Petition, the Court defers to the information contained in the documentation appended to both the Petition and Response.

## II. LEGAL STANDARD

District courts have the authority to grant writs of habeas corpus. *See* 28 U.S.C. § 2241(a). Habeas corpus is fundamentally "a remedy for unlawful executive detention." *Munaf v. Geren*, 553 U.S. 674, 693 (2008) (citation omitted). A writ may be issued to a petitioner who shows that he is being held in custody in violation of the Constitution or federal law. *See* 28 U.S.C. § 2241(c)(3). The Court's jurisdiction extends to challenges involving immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## III. DISCUSSION

Mr. Teran argues that he is entitled to a bond hearing pursuant to 8 U.S.C. § 1226(a), and Respondents argue that he is subject to detention without a bond hearing under 8 U.S.C. § 1187.[2] (DE 1 ¶ 6; DE 4 at 4). "Under the VWP, a qualifying visitor may enter the United States without obtaining a visa, so long as a variety of statutory and regulatory requirements are met." *Bradley v. Attorney Gen. of U.S.*, 603 F.3d 235, 238 (3d Cir. 2010). "Once admitted under the VWP, a visitor may remain in the United States for 90 days." *Id.* (citing 8 U.S.C. § 1187(a)(1)). "[A] VWP visitor must waive his or her right to contest the government's admissibility determinations and removal actions, except that the alien may contest removal actions on the basis of asylum." *Id.* (citing 8 U.S.C. § 1187(a)-(b)).

Respondents assert, "[u]nder 8 U.S.C. § 1187(c)(2)(E), the Department of Homeland Security (DHS) has authority to detain aliens subject to the VWP." (DE 4 at 4).

---

[2] Mr. Teran has not advanced any arguments regarding the lawfulness of his arrest, and the Parties have provided limited information about the circumstances of Mr. Teran's initial seizure and subsequent detention. As such, the Court declines to address this issue.

Respondents further argue that, per *Matter of A-W-*, 25 I. & N. Dec. 45 (2009), Mr. Teran cannot receive a bond hearing because an immigration judge would not have jurisdiction over his bond determination. (*Id.*) In *Matter of A-W-*, the Board of Immigration Appeals decided that the current statutory and regulatory scheme does not afford the Attorney General authority over the bond proceedings of noncitizens admitted under the VWP, and therefore the Attorney General cannot grant jurisdiction over such proceedings to immigration judges. 25 I. & N. Dec. at 47.

In assessing Respondents' arguments, the Court starts with the statutory text. Section 1187(2) sets out criteria that must be met for a country to "be designated as a program country." 8 U.S.C. § 1187(c)(2). Subsection 1187(c)(2)(E) in particular states:

> The government of the country accepts for repatriation any citizen, former citizen, or national of the country against whom a final executable order of removal is issued not later than three weeks after the issuance of the final order of removal. Nothing in this subparagraph creates any duty for the United States or any right for any alien with respect to removal or release. Nothing in this subparagraph gives rise to any cause of action or claim under this paragraph or any other law against any official of the United States or of any State to compel the release, removal, or consideration for release or removal of any alien.

*Id.* § 1187(c)(2)(E).

This Court joins numerous courts across the country in finding that the language of this provision does not bestow an independent detention authority. *See e.g.*, *Bader v. Field Office Dir.*, 833 F. Supp. 3d 1354, 1358 (S.D. Fla. 2026) ("The conclusion that § 1187 does not authorize detention aligns with other courts' determination that VWP violators' detention is assessed pursuant to § 1226 or § 1231."); *He v. Figueroa*, No. CV-26-01926, 2026 WL 2268165, at *3 (D. Ariz. July 15, 2026), *report and recommendation adopted sub nom. He v. Lyons*, No. CV-26-01926-PHX-DWL, 2026 WL 2256114 (D. Ariz.

Aug. 5, 2026) ("A number of courts that have recently considered this issue have concluded that § 1187 does not provide an independent source of detention authority because it neither addresses the detention of VWP entrants nor otherwise authorizes their continued custody.").

In deciding which provision governs Mr. Teran's detention, the court finds instructive the analyses of Judges Beth Bloom, Kyle C. Dudek, and Sheri Polster Chappell in *Bader*, *Ratto v. Charles*, No. 2:26-CV-01407, 2026 WL 1501188 (M.D. Fla. May 29, 2026), and *Nardella Mago v. Rogers*, No. 2:26-CV-00278, 2026 WL 532485 (M.D. Fla. Feb. 26, 2026). In each case, the courts evaluated which statute governs the detention of a VWP recipient who received an administrative removal order but requested a credible fear interview or consideration for asylum. *Bader*, 833 F.Supp.3d at 1356; *Ratto*, 2026 WL 1501188 at *1; *Nardella Mago*, 2026 WL 532485, at *1. Section 1231 governs a noncitizen's detention once a final order of removal has been issued. 8 U.S.C. § 1231(a). If Mr. Teran is not subject to a final order of removal, his detention is governed by 8 U.S.C. § 1226, which "generally governs the process of arresting and detaining [noncitizens] present in the country, including [noncitizens] who were inadmissible at the time of entry or who have been convicted of certain criminal offenses since admission." *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, 175 F.4th 1258, 1279 (11th Cir. 2026) (quoting *Jennings v. Rodriguez*, 583 U.S. 281, 288–89 (2018)) (quotation marks omitted); *see Bader*, 833 F. Supp. 3d at 1358 ("Therefore, § 1226(a) authorizes Petitioner's detention, and he is not lawfully detained under § 1231."). The courts in *Bader*, *Ratto*, and *Nardella Mago* all concluded that § 1226, rather than § 1231, applies. *Bader*, 833 F. Supp. 3d at 1358; *Ratto*, 2026 WL 1501188, at *2; *Nardella Mago*, 2026 WL 532485, at *2.

The Court agrees that § 1226 applies in this scenario. "An order of removal is administratively final when there are no further agency review proceedings to determine removability[.]" *Bader*, 833 F. Supp. 3d at 1358 (citation and quotation marks omitted). "The Eleventh Circuit instructs that a VWP Final Administrative Removal Order is not considered a final order when asylum-only proceedings are pending." *Id.* (citing *Nreka v. U.S Attorney Gen*, 408 F.3d 1361, 1367 (11th Cir. 2005)). Here, the Notice indicates that Mr. Teran "[m]ade a request for asylum, withholding, or deferral of removal." (DE 4-2 at 2). Per Respondents, "Petitioner will be placed in asylum-only proceedings upon issuance of a Form I-863, Notice of Referral to Immigration Judge." (DE 4 at 6). Mr. Teran's administrative removal order is therefore not final, as further agency review is ongoing, and his detention is governed by § 1226. *See Ratto*, 2026 WL 1501188, at *1–2 (finding petitioner's detention is governed by § 1226(a) because removal proceedings remained ongoing due to his unadjudicated asylum request); *Nardella Mago*, 2026 WL 532485, at *2 (ruling § 1226(a) applies to petitioner who received a removal order but requested a credible fear interview).

Lastly, the Court does not find *Matter of A-W-* persuasive in determining whether Mr. Teran may be held without a bond hearing. "Several courts across the country have held that the A.[W.] interpretation is arbitrary and capricious, and that 8 C.F.R. § 1236.1(b) authorizes DHS to delegate to an immigration judge the authority to set bond for Visa Waiver Program participants." *Gomes De v. Semaia*, No. ED CV 26-4208, 2026 WL 2339726, at *2 (C.D. Cal. Aug. 12, 2026) (quoting *Cummins v. Becerra*, No. 1:25-CV-01853, 2025 WL 3724525, at *4 n.1 (E.D. Cal. Dec. 23, 2025)); *Bader*, 833 F.Supp.3d at 1359 ("Respondent is enjoined from denying bond to Petitioner based on the holding in

*Matter of A-W*-that the Immigration Judge lacks jurisdiction to redetermine custody."). "Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention." *Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018). As Mr. Teran's detention is governed by § 1226(a), his continued detention without a bond hearing is unlawful.

## IV. CONCLUSION

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. Mr. Teran's Petition (DE 1) is **GRANTED**.[3]
2. Respondents shall afford Mr. Teran an individualized bond hearing on or before October 9, 2026 or otherwise release Mr. Teran.
3. Respondents shall also, within 24 hours of the bond hearing, file a Status Report indicating the outcome of the bond hearing and, if bond is denied, the reason(s) for the denial.

**DONE AND ORDERED** in Chambers in Miami, Florida, this 6th day of October, 2026.

KATHLEEN M. WILLIAMS
UNITED STATES DISTRICT JUDGE

[3] The Court denies the Petition's request for attorneys' fees and costs under the Equal Access to Justice Act, 28 U.S.C. § 2412, given the numerous inconsistencies contained in the Petition. *See supra* note 1.